UNITED STATES DISTRICT COURT

EASTERN DISTRICT OF CALIFORNIA

| | |
|---|---|
| LATWAHN MCELROY,<br><br>        Plaintiff,<br><br>    v.<br><br>CASTRO, et al.,<br><br>        Defendants. | 1:23-cv-00559-SKO (PC)<br><br>**FINDINGS AND RECOMMENDATIONS TO DENY APPLICATION TO PROCEED *IN FORMA PAUPERIS***<br><br>(Doc. 4)<br><br>Clerk of the Court to Assign District Judge |

       Plaintiff Latwahn McElroy is a state prisoner proceeding *pro se* in a civil rights action pursuant to 42 U.S.C. § 1983. On April 18, 2023, Plaintiff filed an Application to Proceed In Forma Pauperis by a Prisoner. (Doc. 4.)

       Because Plaintiff has accrued three or more "strikes" under section 28 U.S.C. § 1915 and fails to show that he is under imminent danger of serious physical injury, the Court will recommend that his motion be denied.

**I.    THREE-STRIKES PROVISION OF 28 U.S.C. § 1915**

       28 U.S.C. § 1915 governs *in forma pauperis* proceedings. The statute provides that "[i]n no event shall a prisoner bring a civil action . . . under this section if the prisoner has, on 3 or more prior occasions, while incarcerated or detained in any facility, brought an action or appeal in a court of the United States that was dismissed on the grounds that it is frivolous, malicious, or fails to state a claim upon which relief may be granted, unless the prisoner is under imminent danger of serious physical injury." 28 U.S.C. § 1915(g).

## II. DISCUSSION

The Court takes judicial notice[1] of seven of Plaintiff's prior lawsuits that were dismissed for a failure to state a claim upon which relief may be granted[2] or as frivolous: (1) *McElroy v. City of Inglewood, et al.*, Case No. 2:02-cv-04301-MMM-MLG (C.D. Cal. Nov. 20, 2002) (failure to state a claim); (2) *McElroy v. City of Inglewood, et al.*, Case No. 2:03-cv-05034-UA-MLG (C.D. Cal. July 25, 2003) (frivolous); (3) *McElroy v. Gebbmedin, et al.*, Case No. 1:08-cv-00124-LJO-GSA PC (E.D. Cal. Dec. 11, 2008) (failure to state a claim); (4) *McElroy v. California Department of Corrections*, Case No. 2:08-cv-00733 HWG (E.D. Cal. June 3, 2009) (failure to state a claim); (5) *McElroy v. Schultz, et al.*, Case No. 1:08-cv-00179-OWW-MJS (E.D. Cal. Apr. 30, 2010) (failure to state a claim); (6) *McElroy v. Institutional Head Ground, et al.*, Case No. 1:13-CV-0483-MJS (E.D. Cal. Nov. 1, 2013) (failure to state a claim); and (7) *McElroy v. Gomez, et al.*, Case No. 1:1-20-cv-00658-DAD-SAB (E.D. Cal. Dec. 10, 2020) (failure to state a claim, failure to comply with court order, failure to prosecute). Each of these actions was dismissed before the commencement of the current action on April 10, 2023. Plaintiff is therefore subject to the section 1915(g) bar, and he is precluded from proceeding *in forma pauperis* in this action unless, at the time he filed his complaint, he was under imminent danger of serious physical injury. *See Andrews v. Cervantes*, 493 F.3d 1047, 1052-53 (9th Cir. 2007).

"[A]ssertions of imminent danger of less obviously injurious practices may be rejected as overly speculative or fanciful." *Andrews*, 493 F.3d at 1057 n.11. Imminent danger of serious physical injury must be a real, present threat, not merely speculative or hypothetical. To meet his burden under § 1915(g), an inmate must provide "specific fact allegations of ongoing serious physical injury, or a pattern of misconduct evidencing the likelihood of imminent serious physical injury." *Martin v. Shelton*, 319 F.3d 1048, 1050 (8th Cir. 2003). "Vague and utterly conclusory assertions" of harm are insufficient. *White v. Colorado*, 157 F.3d 1226, 1231-32 (10th

---

[1] The Court may take judicial notice of court records. *United States v. Wilson*, 631 F.2d 118, 119 (9th Cir. 1980).

[2] A dismissal for a failure to state a claim is a strike for purposes of 28 U.S.C. § 1915(g). *Moore v. Maricopa Cty. Sheriff's Office*, 657 F.3d 890, 893-94 (9th Cir. 2011).

Cir. 1998). That is, the “imminent danger” exception is available “for genuine emergencies,” where “time is pressing” and “a threat . . . is real and proximate.” *Lewis v. Sullivan*, 279 F.3d 526, 531 (7th Cir. 2002).

The Court has reviewed the complaint in this action and finds that Plaintiff’s allegations do not meet the imminent danger exception. Plaintiff’s complaint concerns the denial of grievances or appeals submitted at Salinas Valley State Prison and North Kern State Prison between 2019 and 2021 (Doc. 1 at 4, 6-7), allegations concerning due process violations and false rules violations reports (*id*. at 4-6, 8), a lack of medical care (*id*. at 6-7, 10), conspiracy (*id*. at 7-8), and retaliation and discrimination (*id.* at 7-8, 10). Plaintiff’s complaint also references a prior action filed and tried in this Court and his complaints concerning the Court’s rulings. (*Id*. at 9-10.) While Plaintiff uses the phrase “imminent danger” in his complaint (*e.g.*, *id*. at 5 [“ongoing imminent danger that was not properly prevented and/or was not prevented when the same malfeasance occurred in grievance process’s”] & 8 [“imminent danger of improper placement and/or exposure to extremely bias environment, all the while, the failure to correct and provision only the compatible safeguarded transfers”]), his assertions are vague, conclusory and speculative. *Andrews*, 493 F.3d at 1057 n.11; *Martin*, 319 F.3d at 1050; *White*, 157 F.3d at 1231-32. The Court finds the complaint does not present a genuine emergency where time is pressing, and the threat is real. *Lewis*, 279 F.3d at 531. In sum, the Court finds Plaintiff is not under imminent danger of serious physical injury. *Andrews*, 493 F.3d at 1052-53.

## III. ORDER AND RECOMMENDATIONS

For the reasons set forth above, the Court DIRECTS the Clerk of the Court to assign a district judge to this action and RECOMMENDS that:

1. Plaintiff’s motion to proceed *in forma pauperis* (Doc. 4) be DENIED; and, and,
2. Plaintiff be ordered to pay the $402.00 filing fee in full within 30 days.

These Findings and Recommendations will be submitted to the United States District Judge assigned to this case, pursuant to 28 U.S.C. § 636(b)(l). Within **<u>14 days</u>** of the date of service of these Findings and Recommendations, Plaintiff may file written objections with the Court. The document should be captioned, “Objections to Magistrate Judge’s Findings and

Recommendations." Plaintiff's failure to file objections within the specified time may result in waiver of his rights on appeal. *Wilkerson v. Wheeler*, 772 F.3d 834, 839 (9th Cir. 2014) (citing *Baxter v. Sullivan*, 923 F.2d 1391, 1394 (9th Cir. 1991)).

IT IS SO ORDERED.

Dated:   **April 21, 2023**                                        /s/ *Sheila K. Oberto*
                                                                                       UNITED STATES MAGISTRATE JUDGE