UNITED STATES DISTRICT COURT

EASTERN DISTRICT OF CALIFORNIA

| | |
|---|---|
| LATWAHN MCELROY,<br><br>              Plaintiff,<br><br>       v.<br><br>CASTRO, et al.,<br><br>              Defendants. | 1:23-cv-00559-JLT-SKO (PC)<br><br>**ORDER DENYING PLAINTIFF'S REQUEST FOR THE APPOINTMENT OF COUNSEL**<br><br>(Doc. 9) |

Plaintiff Latwahn McElroy is a state prisoner proceeding *pro se* in a civil rights action pursuant to 42 U.S.C. § 1983.

**I.    INTRODUCTION**

On May 24, 2023, Plaintiff filed a document titled "Plaintiff/Petitioner Party emergency request for order and recommendation on effective assistance of (relevant) counsel pursuant to 28 U.S.C. § 1915 et seq." (Doc. 9.) Briefly, Plaintiff requests this Court appoint counsel because he is indigent and has been unsuccessful in obtaining the assistance of counsel, has limited access to the law library and limited legal knowledge, the case is complex and involves imminent danger, and will require investigation and discovery and cross-examination of witnesses. (*Id*.)

**II.    DISCUSSION**

Plaintiffs do not have a constitutional right to appointed counsel in § 1983 actions. *Rand v. Rowland*, 113 F.3d 1520, 1525 (9th Cir. 1997), *rev'd in part on other grounds*, 154 F.3d 952, 954 n.1 (9th Cir. 1998). Nor can the Court require an attorney to represent a party under 28 U.S.C. § 1915(e)(1). *See Mallard v. U.S. Dist. Court*, 490 U.S. 296, 304-05 (1989). However, in

1

"exceptional circumstances," the Court may request the voluntary assistance of counsel pursuant to section 1915(e)(1). *Rand*, 113 F.3d at 1525.

Given that the Court has no reasonable method of securing and compensating counsel, the Court will seek volunteer counsel only in extraordinary cases. In determining whether "exceptional circumstances exist, a district court must evaluate both the likelihood of success on the merits [and] the ability of the [plaintiff] to articulate his claims pro se in light of the complexity of the legal issues involved." *Rand*, 113 F.3d at 1525 (internal quotation marks & citations omitted).

The Court does not find the required exceptional circumstances in this case. Even assuming Plaintiff is not well versed in the law and has made serious allegations that, if proven, would entitle him to relief, Plaintiff's case is not exceptional. The Court is faced with similar cases almost daily. While the Court recognizes that Plaintiff is at a disadvantage due to his *pro se* status and his incarceration, the test is not whether Plaintiff would benefit from the appointment of counsel. *See Wilborn v. Escalderon*, 789 F.2d 1328, 1331 (9th Cir. 1986). The test is whether exceptional circumstances exist; here, they do not. Indeed, circumstances common to most prisoners, such as lack of legal education and limited law library access, do not establish exceptional circumstances that would warrant a request for voluntary assistance of counsel. *See, e.g.*, *Faultry v. Saechao*, 2020 WL 2561596, at *2 (E.D. Cal., May 20, 2020) (stating that "[c]ircumstances common to most prisoners, such as lack of legal education and limited law library access, do not establish exceptional circumstances supporting appointment of counsel"); *see also Rand*, 113 F.3d at 1525 (finding no abuse of discretion under 28 U.S.C. § 1915(e) when district court denied appointment of counsel despite fact that pro se prisoner "may well have fared better-particularly in the realm of discovery and the securing of expert testimony"); *Vasquez v. Moghaddam*, No. 2:19-cv-01283 AC P, 2022 WL 2133925, at *1 (E.D. Cal. June 14, 2022) ("despite his currently reduced access to the prison law library, the instant motion demonstrates plaintiff's ability to locate and cite to statutes, medical manuals and case law").

Plaintiff is advised the fact an attorney may be better able to perform research, investigate, and represent a plaintiff does not change the analysis. There is little doubt most *pro se* litigants

1  "find it difficult to articulate [their] claims," and would be better served with the assistance of
2  counsel. *Wilborn*, 789 F.2d at 1331. For this reason, in the absence of counsel, federal courts
3  employ procedures which are highly protective of a *pro se* litigant's rights. *See Haines v. Kerner*,
4  404 U.S. 519, 520 (1972) (holding *pro se* complaint to less stringent standard) (per curiam). In
5  fact, where a plaintiff appears *pro se* in a civil rights case, the court must construe the pleadings
6  liberally and afford the plaintiff any benefit of the doubt. *Karim–Panahi v. Los Angeles Police*
7  *Dep't*, 839 F.2d 621, 623 (9th Cir. 1988). The rule of liberal construction is "particularly
8  important in civil rights cases." *Ferdik v. Bonzelet*, 963 F.2d 1258, 1261 (9th Cir. 1992). Thus,
9  where a *pro se* litigant can "articulate his claims" in light of the relative complexity of the matter,
10 the "exceptional circumstances" which might require the appointment of counsel do not exist.
11 *Wilborn*, 789 F.2d at 1331; accord *Palmer v. Valdez*, 560 F.3d 965, 970 (9th Cir. 2009).

12      As for Plaintiff's indigency, indigency does not qualify as an exceptional circumstance.
13 *See Callender v. Ramm*, No. 2:16-cv-0694 JAM AC P, 2018 WL 6448536, at *3 (E.D. Cal. Dec.
14 10, 2018) ("The law is clear: neither plaintiff's indigence, nor his lack of education, nor his lack
15 of legal expertise warrant the appointment of counsel").

16      At this stage in the proceedings, the Court cannot determine whether Plaintiff is likely to
17 succeed on the merits. Plaintiff's complaint has not been screened as required by 28 U.S.C. §
18 1915A(a). The complaint asserts allegations that may or may not be proven; that determination
19 has not yet been made. And, at screening, the Court accepts Plaintiff's factual allegations as true
20 for purposes of determining whether Plaintiff plausibly alleges a cognizable claim or claims
21 entitling him to relief in these proceedings. It does not accept Plaintiff's legal conclusions as true.
22 Those conclusions will be tested later and only after the screening process has been completed.
23 Moreover, in this action, there are findings and recommendations to deny Plaintiff's application
24 to proceed *in forma pauperis* (IFP). (*See* Doc. 6.)  Plaintiff has filed seven prior lawsuits in which
25 his claims were dismissed for a failure to state a claim upon which relief can be granted or were
26 dismissed as frivolous. (*Id*. at 2.) The Court has also determined Plaintiff's complaint did not
27 meet the imminent danger exception. (*Id.* at 2-3.) A determination of Plaintiff's likelihood of
28 success on the merits also cannot be made because those pending findings and recommendations

have not yet been adopted or denied by the assigned district judge. Were the findings to be adopted in full, Plaintiff would be required to pay the full filing fee before proceeding in this matter. Additionally, it is unlikely the screening of Plaintiff's complaint will occur before a determination is made by the district judge on the question of Plaintiff's application for IFP status.

In sum, Plaintiff faces challenges and circumstances faced by most *pro se* prisoner litigants. Those circumstances, however, are not exceptional and do not warrant the appointment of counsel. *Rand*, 113 F.3d at 1525.

### III.     CONCLUSION AND ORDER

For the reasons stated above**,** Plaintiff's request or motion for the appointment of counsel (Doc. 9) is **DENIED** without prejudice.

IT IS SO ORDERED.

Dated:   **May 25, 2023**                                         /s/ *Sheila K. Oberto*                       
                                                                        UNITED STATES MAGISTRATE JUDGE