UNITED STATES DISTRICT COURT

EASTERN DISTRICT OF CALIFORNIA

| | |
|---|---|
| LATWAHN MCELROY,<br><br>　　　　Plaintiff,<br><br>　　v.<br><br>CASTRO, et al.,<br><br>　　　　Defendants. | 1:23-cv-00559-JLT-SKO (PC)<br><br>**FINDINGS AND RECOMMENDATIONS TO DISMISS ACTION FOR FAILURE TO OBEY COURT ORDERS AND TO PAY FILING FEE**<br><br>**14-DAY DEADLINE** |

Plaintiff Latwahn McElroy is a state prisoner proceeding *pro se* in a civil rights action pursuant to 42 U.S.C. § 1983.

**I.　BACKGROUND**

On April 21, 2023, the Court issued Findings and Recommendations to Deny Plaintiff's Motion to Proceed *In Forma Pauperis*. (Doc. 6.) Plaintiff filed his objections on May 25, 2023. (Doc. 11.) On June 20, 2023, the Court issued its Order Adopting Findings and Recommendations in Full and Denying Plaintiff's Application to Proceed In Forma Pauperis. (Doc. 12.) Plaintiff was ordered to pay the $402 filing fee within 30 days. (*Id*. at 2.) He was advised that a failure to pay the required filing fee would result in a dismissal of this action without prejudice. (*Id*.)

//

//

1

## II. DISCUSSION

The Local Rules, corresponding with Federal Rule of Civil Procedure 11, provide, "[f]ailure of counsel or of a party to comply with . . . any order of the Court may be grounds for the imposition by the Court of any and all sanctions . . . within the inherent power of the Court." Local Rule 110. "District courts have inherent power to control their dockets" and, in exercising that power, may impose sanctions, including dismissal of an action. *Thompson v. Housing Auth., City of Los Angeles*, 782 F.2d 829, 831 (9th Cir. 1986). A court may dismiss an action based on a party's failure to prosecute an action, obey a court order, or comply with local rules. *See, e.g., Ferdik v. Bonzelet*, 963 F.2d 1258, 1260-61 (9th Cir. 1992) (dismissal for failure to comply with a court order to amend a complaint); *Malone v. U.S. Postal Service*, 833 F.2d 128, 130-31 (9th Cir. 1987) (dismissal for failure to comply with a court order); *Henderson v. Duncan*, 779 F.2d 1421, 1424 (9th Cir. 1986) (dismissal for failure to prosecute and to comply with local rules). *See also Maldonado-Ramirez v. Case Records Director*, No. 1:23-cv-00212-ADA-SKO (PC), 2023 WL 4565045, at *1 (E.D. Cal. July 17, 2023) (dismissing action without prejudice for plaintiff's failure to pay filing fee as ordered); *Ubina v. Onyeje*, No. 1:21-cv-01623-JLT-SKO (PC), 2022 WL 1460370, at *1 (E.D. Cal. May 9, 2022) (same).

In determining whether to dismiss an action, the Court must consider several factors: (1) the public's interest in expeditious resolution of litigation; (2) the Court's need to manage its docket; (3) the risk of prejudice to the defendants; (4) the public policy favoring disposition of cases on their merits; and (5) the availability of less drastic sanctions. *Henderson*, 779 F.2d at 1423; *Carey v. King*, 856 F.2d 1439, 1440 (9th Cir. 1988).

Here, Plaintiff has not paid the $402 filing fee as ordered. The Court cannot effectively manage its docket if Plaintiff ceases litigating his case. Thus, the Court finds that both the first and second factors—the public's interest in the expeditious resolution of litigation and the Court's need to manage its docket— weigh in favor of dismissal. *Carey*, 856 F.2d at 1440.

While the risk of prejudice to defendants is a lesser factor because the named defendants have not appeared in the action, a presumption of harm or injury arises from the occurrence of unreasonable delay in prosecuting an action. *See Anderson v. Air W.*, 542 F.2d 522, 524 (9th Cir.

2

1976). Plaintiff's failure to pay the required filing fee within 30 days of Judge Thurston's order amounts to an unreasonable delay in prosecuting this action. Therefore, the Court finds the third factor—a risk of prejudice to defendants—weighs in favor of dismissal. *Carey*, 856 F.2d at 1440.

The fourth factor usually weighs against dismissal because public policy favors disposition on the merits. *Pagtalunan v. Galaza*, 291 F.3d 639, 643 (9th Cir. 2002). However, "this factor lends little support to a party whose responsibility it is to move a case toward disposition on the merits but whose conduct impedes progress in that direction." *In re Phenylpropanolamine (PPA) Products Liability Litigation*, 460 F.3d 1217, 1228 (9th Cir. 2006) (citation omitted). Here, Plaintiff has failed to move this case forward and is impeding its progress by failing to obey court orders. The Court finds the fourth factor—the public policy favoring disposition on the merits—also weighs in favor of dismissal. *Carey*, 856 F.2d at 1440.

Finally, the Court's warning to a party that failure to obey the court's order will result in dismissal satisfies the "considerations of the alternatives" requirement. *Ferdik*, 963 F.2d at 1262; *Malone*, 833 F.2d at 132-33; *Henderson*, 779 F.2d at 1424. Here, Judge Thurston's June 20, 2023 Order included the following warning: "<u>Plaintiff is advised that failure to pay the required filing fee as ordered will result in the dismissal of this action without prejudice</u>." (*See* Doc. 12 at 2.) Plaintiff was also previously warned that a failure to obey courts may result in dismissal of the case. (*See* Doc. 2 at 1 [First Informational Order In Prisoner/Civil Detainee Civil Rights Case].) Thus, Plaintiff had adequate warning that dismissal could result from his noncompliance with Court orders. Moreover, at this stage of the proceedings, there is little available to the Court that would constitute a satisfactory lesser sanction while protecting the Court from further unnecessary expenditure of its scarce resources. Therefore, the fifth factor— the availability of less drastic sanctions—weighs in favor of dismissal. *Carey*, 856 F.2d at 1440.

In sum, it appears that Plaintiff has abandoned this action. More than 30 days have passed following the Court's order directing Plaintiff to pay the $402 filing fee, but Plaintiff has not paid the filing fee. Whether Plaintiff has done so intentionally or mistakenly is inconsequential. It is Plaintiff's responsibility to comply with the Court's orders.

### III.   CONCLUSION AND RECOMMENDATION

Based on the foregoing, the Court **RECOMMENDS** that this action be **DISMISSED** without prejudice for Plaintiff's failure to obey court orders and to pay the filing fee.

These Findings and Recommendations will be submitted to the district judge assigned to this case, pursuant to 28 U.S.C. § 636(b)(l). **Within 14 days** of the date of service of these Findings and Recommendations, a party may file written objections with the Court. The document should be captioned, "Objections to Magistrate Judge's Findings and Recommendations." Failure to file objections within the specified time may result in waiver of rights on appeal. *Wilkerson v. Wheeler*, 772 F.3d 834, 839 (9th Cir. 2014) (citing *Baxter v. Sullivan*, 923 F.2d 1391, 1394 (9th Cir. 1991)).

IT IS SO ORDERED.

Dated:   **July 25, 2023**                    /s/ *Sheila K. Oberto*
                                                                          UNITED STATES MAGISTRATE JUDGE